# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
   PLAINTIFF,

vs.              CASE NO. 18-CR-40113-HLT

**AARON GULLICK,**
   DEFENDANT.

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

AT ALL MATERIAL TIMES:

**1.** The Gun Control Act of 1968 ("GCA"), and as later amended, includes in the definition of a firearm, "… any weapon…which will or is designed to or may readily be converted to expel a projectile by the action of an explosive…[and]…the frame or receiver of any such weapon."

**2.** The National Firearms Act ("NFA") of 1934, and as later amended, is a comprehensive taxing system that regulates the manufacture, sale, and transfer of certain covered weapons, including machineguns.

**3.** The term "machinegun" describes, among other things, a weapon that fires repeatedly with a single pull of the trigger. That is, a machinegun can, with a single pull of the trigger, continue to fire ammunition so long as the trigger remains depressed and the firearm contains ammunition. Conversely, a "semi-automatic" firearm generally describes a firearm that will fire only one round of ammunition per

1

pull of the trigger. The NFA also incorporates into the definition of a "machinegun" the frame or receiver of any such weapon *and* any part solely, exclusively, or in conjunction with other parts, that is designed and intended to convert a weapon into a machinegun.

4. Pursuant to the NFA, a manufacturer, importer, or dealer of covered weapons, including machineguns, must obtain designation as a special occupational taxpayer ("SOT"). SOT designation allows the person to engage in transfers of weapons covered by the NFA.

5. A firearm covered by the NFA must be registered with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in the National Firearms Registration and Transfer Record.

6. To transfer possession of a NFA covered weapon for private ownership, the transfer must, among other things, be conducted by an SOT, be recorded on the National Firearms Registration and Transfer Record, and a $200 transfer tax payment must be made to the ATF.

7. The Firearms Owners' Protection Act of 1986 ("FOPA"), and as amended, imposes additional restrictions on the private possession of machineguns. Pursuant to FOPA, with the exception of a limited category of machineguns lawfully possessed prior to May 19, 1986, private ownership and possession of machineguns is banned.

8. Glock Inc., was and is an Austrian based corporation that manufactures arms and related products for private and professional use. Glock Inc., maintains a U.S.

headquarters in Smyrna, GA that oversees distribution of Glock Inc., products in the U.S.

**9.** Glock Inc.'s product line has and does include the Model 19. The Model 19 was and is a nine-millimeter caliber, magazine fed, semi-automatic pistol.

**10.** Throughout Glock Inc.'s history, the company has made modifications to its products including the Model 19. When modifications are made to a family of firearms, the new product line receives a new generation number. For example, the original version of the Model 19 is referred to as a "Generation 1" or "Gen 1," and subsequent variants are identified as "Generation 2" or "Gen 2," "Generation 3" or Gen 3," *et cetera*.

**11.** In or around August 2017, Glock Inc. began U.S. distribution of the Glock Model 19 "Generation 5" or "Gen 5." The Glock Model 19 Gen 5, like its predecessors, is a nine-millimeter caliber, magazine fed, semi-automatic pistol. A Glock Model 19 Gen 5 in its original factory condition is not subject to the NFA registration requirements nor FOPA's machinegun ban.

**12.** Machineguns and semi-automatic firearms share similarities in construction and operation. When gunpowder is ignited, it turns into a rapidly expanding gas. This gas propels the bullet or projectile through the barrel. In machineguns and semi-automatic firearms, the inertia from the gunpowder changing from a solid to a gas state and/or the gas itself causes the firearm to cycle. A firearm cycles when an expended round is mechanically ejected from the firearm and a new unfired round is

mechanically extracted from the source of ammunition, such as a magazine, and then placed into position to fire again.

13. When a semi-automatic firearm is converted to a machinegun, it becomes a covered weapon subject to NFA transfer, registration, and taxation requirements, and subject to FOPA's ban on private ownership.

14. The cycle of a Glock 19 pistol is regulated, in part, through the use of a trigger bar. The trigger bar is mounted below the firing mechanism. During normal operation of a factory produced Glock Model 19, the trigger bar engages the firing mechanism and prevents forward motion of the firing mechanism following trigger activation. That is, the trigger bar, along with other internal components, limits the pistol to fire only one round of ammunition each time the trigger is depressed.

15. On or about September 18, 2018, the defendant, **AARON GULLICK**, was found in possession of, among other things, a Glock Model 19 Gen 5, nine-millimeter semi-automatic pistol, bearing serial number BGUL343 (hereafter referred to as the "the subject weapon"). The subject weapon was recovered from the defendant in the District of Kansas. Additionally, the subject weapon was manufactured by Glock Inc., in Austria and imported into the United States by Glock Inc., in Smyrna, GA. As such, the subject weapon had traveled in interstate and foreign commerce.

16. Following its seizure, the subject weapon was analyzed by the ATF. The subject weapon was determined to have a modified slide cover plate (hereafter referred to as the "subject device"). The subject device bares markings similar to the Glock Inc., logo and the words "Made in Austria." Despite these markings, the subject

device is not manufactured by Glock, Inc., and does not display legitimate manufacturer's marks or serial numbers.

**17.** On January 6, 1998, the United States Patent Office issued Patent Number 5,705,763. The patent was issued for a "Fire Selector System for Selecting Between Automatic and Semi-Automatic Operation of a Gun." The patented fire selector is described as an easily installed device capable of converting a semi-automatic firearm into an automatic firearm.

**18.** The subject device analyzed by the ATF is similar in construction to patented invention 5,705,763. That is, the subject device, like the patented fire selector, applies longitudinal force on the trigger bar when activated. Specifically, the subject device has a metal "leg" that when activated contacts the trigger bar and urges the trigger bar away from its intended purpose of contacting the firing mechanism. As such, the trigger bar cannot prevent forward movement of the firing mechanism following trigger activation. The result is the subject device inhibits the function of the trigger bar of the subject weapon, thus achieving fully automatic operation.

**19.** On November 26, 2018, the subject weapon, as modified with the subject device, was live-fire tested by the ATF. Results of the test determined the subject weapon fired multiple rounds of ammunition automatically with a single pull of the trigger. As such, both the subject weapon and the subject device are machineguns subject to NFA and FOPA regulation.

**20.** The defendant was never registered as the owner of the subject weapon nor the subject device in the National Firearms Registration and Transfer Record. The

subject weapon was never registered on National Firearms Registration and Transfer Record. The subject device was never registered on National Firearms Registration and Transfer Record.

**21.** Pursuant to FOPA, neither the subject weapon nor the subject device were lawfully possessed prior to May 19, 1986, and thus cannot be lawfully possessed by a private owner.

**22.** At no time was the defendant a special occupational taxpayer.

### COUNT 1
### UNLAWFUL POSSESSION OF A MACHINEGUN

**23.** Paragraphs 1 through 22 are incorporated by reference as though fully set forth.

**24.** On or about September 18, 2018, in the District of Kansas, the defendant,

**AARON GULLICK**,

knowingly and unlawfully possessed a machinegun, described as:

**a Glock Model 19 Gen 5, nine-millimeter pistol, bearing serial number BGUL343,**

in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), and Title 18, United States Code, Section 2.

## COUNT 2
## POSSESSION OF A MACHINEGUN
## IN FURTHERANCE OF A CONTROLLED SUBSTANCE OFFENSE

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth.

26. On or about September 18, 2018, in the District of Kansas, the defendant,

**AARON GULLICK**,

knowingly and unlawfully possessed a machinegun, described as:

> **a Glock Model 19 Gen 5, nine-millimeter pistol, bearing serial number BGUL343,**

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

> **Possession with the Intent to Distribute a mixture and substance containing a detectable quantity of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 4;**

all in violation of Title 18, United States Code, Sections 924(c)(1)(A) & (B)(ii), and Title 18, United States Code, Section 2.

## COUNT 3
## POSSESSION OF UNREGISTERED MACHINEGUN

27. Paragraphs 1 through 26 are incorporated by reference as though fully set forth.

28. On or about September 18, 2018, in the District of Kansas, the Defendant,

**AARON GULLICK,**

knowingly received and possessed a machinegun, described as:

> **a Glock Model 19 Gen 5, nine-millimeter pistol, bearing serial number BGUL343,**

not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871, and Title 18, United States Code, Section 2.

## COUNT 4
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

**29.** Paragraphs 1 through 28 are incorporated by reference as though fully set forth.

**30.** On or about September 18, 2018, in the District of Kansas, the defendant,

### AARON GULLICK,

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable quantity of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Section 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 5
## POSSESSION OF A FIREARM BY A PROHIBITED PERSON

**31.** Paragraphs 1 through 30 are incorporated by reference as though fully set forth.

**32.** On or about September 18, 2018, in the District of Kansas, the defendant,

**AARON GULLICK,**

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely:

> **Criminal Threat, in Shawnee County, Kansas, District Court Case No. 14CR001860, on or about November 25, 2014 and,**
>
> **Possession of an Opiate, Opium, Narcotic Drug, or Stimulant, in Shawnee County, Kansas, District Court Case No. 17CR001737, on or about April 12, 2018;**

did knowingly and intentionally receive and possess in and affecting commerce a firearm, namely:

> **a Glock Model 19 Gen 5, nine-millimeter pistol, bearing serial number BGUL343,**

which had been shipped and transported in interstate or foreign commerce, and the defendant possessed the aforementioned firearm knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

All of the foregoing in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## FORFEITURE ALLEGATION

**33.** The allegations contained in Counts 1-3, and 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

**34.**     Upon conviction of the offense alleged in Counts 1-3 or 5, the defendant,

**AARON GULLICK,**

shall forfeit to the United States of America any firearms or ammunition used in the commission of the offenses in Counts 1-3, and 5.  The property to be forfeited includes, but is not limited to, property described as **a Glock Model 19 Gen 5, nine-millimeter pistol, bearing serial number BGUL343, and any accompanying ammunition**.

   3.     If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**A TRUE BILL.**

| | |
|---|---|
| July 24, 2019 | *s/Foreperson* |
| DATE | FOREPERSON OF THE GRAND JURY |

/s/ Skipper Jacobs #26848  
for Stephen R. McAllister, #15845  
UNITED STATES ATTORNEY  
DISTRICT OF KANSAS  
444 SE Quincy, Suite 290  
Topeka, KS 66683  
Phone: (785) 295-2850  
Fax: (785) 295-2853  
Stephen.mcallister@usdoj.gov  

[It is requested that trial be held in Topeka, Kansas.]