FILED IN OPEN COURT
1|28|20
TIMOTHY M. O'BRIEN, CLERK
BY _Misty Deaton_
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

      Plaintiff,

    v.

      Case No. 18-cr-40113-HLT

AARON GULLICK,

      Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Skipper Jacobs, and Aaron Gullick the defendant, personally and by and through his counsel, Cynthia Dodge, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 1 and 2 of the Information, both counts charging a violation of 18 U.S.C. § 924(c), that is, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Counts 1 and 2 of the Information to which he has agreed to plead guilty is a follows:

(a) as to Count 1: not less than five (5) years nor more than life imprisonment, such term consecutive to any other term of imprisonment, a $250,000 fine, not more than 5 years of supervised release, and a $100.00 mandatory special assessment;

(b) as to Count 2: not less than five (5) years nor more than life imprisonment, such term consecutive to any other term of imprisonment, a $250,000 fine, not more than 5 years of supervised release, and a $100.00 mandatory special assessment;

(c) Total aggregate: not less than ten (10) years nor more than life imprisonment, a $250,000 fine, not more than 5 years of supervised release, and a $200 mandatory special assessment.

The defendant further agrees to forfeit property to the United States, as agreed.

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

### Count 1

(a)    On or about September 18, 2018, the defendant was stopped for a traffic violation in Topeka, Kansas;

(b)    Incident to the stop the defendant's vehicle was searched;

(c)    During the search, officers located, *inter alia*, the following:

- a Glock, model 19, 9mm caliber pistol bearing serial number BGUL343;
- an eighteen (18) round and a thrity-four (34) round magazine compatible with the above pistol;
- a plastic bag containing marijuana, a schedule I controlled substance;
- approximately 7 grams of methamphetamine, a schedule II controlled substance; and,
- Eighty-three (83) rounds of ammunition;

(d)    During a post-*Miranda* interview the defendant admitted an intent to sell the marijuana;

(e)    The Glock firearm was manufactured in Austria and imported into the United States by Glock, Inc. in Smyrna, Georgia;

(f)    Investigators familiar in the investigation would testify that the type and quantity of controlled substances possessed by the defendant are consistent with distribution purposes and that drug distributors possess firearms in furtherance of drug trafficking as it aids in the protection of themselves and their property;

(g) Possession with the intent to distribute methamphetamine and marijuana constitute felony violations of the Controlled Substances Act pursuant to Title 21, United States Code, Section 841(a)(1);

(h) Defendant agrees he possessed the above-referenced Glock firearm in furtherance of a drug trafficking crime.

## Count 2

(i) On or about December 27, 2018, the defendant was apprehended on a warrant at 3125 SE Girard Street in Topeka, Kansas.

(j) The defendant's vehicle was searched following his arrest.

(k) During the search, officers located, *inter alia*, the following:

- a Glock model 35, .40 caliber pistol, bearing serial number US396821, under the driver's seat;
- a Del-Ton Inc., model DTI-15, 5.56 caliber rifle, serial number DTIS129078, bearing serial number DTIS129078, reported stolen out of Montgomery County, Kansas, in the trunk;
- a HS Produkts, model XD40 Sub-Compact, .40 caliber pistol, serial number U396821 in the passenger floorboard where passenger Amanda Burton was seated;
- a bag containing approximately 14.07 grams of marijuana;
- a gray and black Nike backpack containing a loaded 5.56 caliber, 30 round magazine compatible with the Del-Ton rifle, a small bag of methamphetamine (approximately 15.06 grams), and a digital scale.

(l) In the above-referenced backpack, officers located a key. The key was matched to a safe located inside 3125 SE Girard St. Inside the safe, officers recovered a Taurus, model PT111 Millennium G2, 9mm caliber pistol, serial number TKY08067;

(m) During a post-*Miranda* interview the defendant admitted: (i) to selling methamphetamine, (ii) possession of the above-referenced backpack; (iii) ownership of the Glock pistol; and (iv) possession of the Del-Ton rifle;

(n) The Glock firearm was manufactured in Austria and imported into the United States by Glock, Inc. in Smyrna, Georgia;

(o) The Del-Ton rifle was manufactured by Del-Ton, Inc. in Elizabethtown, North Carolina;

(p) The HS Products pistol was manufactured in Croatia and imported into the United States by Springfield Armory USA in Geneseo, Illinois;

(q)    The Taurus pistol was manufactured in Brazil and imported into the United States by Taurus International Mfg. in Miami, Florida.

(r)    Investigators familiar in the investigation would testify that the type and quantity of controlled substance (methamphetamine) possessed by the defendant is consistent with distribution purposes and that drug distributors possess firearms in furtherance of drug trafficking as it aids in the protection of themselves and their property;

(s)    Possession with the intent to distribute methamphetamine constitutes a felony violation of the Controlled Substances Act pursuant to Title 21, United States Code, Section 841(a)(1);

(t)    Defendant agrees he possessed the above-referenced Glock firearm in furtherance of a drug trafficking crime.

3.    **Application of the Sentencing Guidelines.** The parties acknowledge that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.    **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

4

5.    **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)    to dismiss the remaining counts of the Indictment and Superseding Indictment at the time of sentencing;

(b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information or the preceding Indictment and Superseding Indictment;

(c)    to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

(d)    the government reserves the right to request the Court impose a sentence ranging from not less than ten (10) years to not more than twenty (20) years. Such reservation includes the right of the government to request the Court impose an upward departure or variance pursuant to the United States Sentencing Guidelines, Title 18, United States Code, Section 3553, or any other sentencing law and policy, and to submit evidence and argument in support.

(e)    the government agrees to allow the defendant to reserve the right to request a departure or variance.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States:

- a Glock, model 19, 9mm caliber pistol bearing serial number BGUL343;
- a Glock model 35, .40 caliber pistol, bearing serial number ~~US396821;~~ H KD899
- a Del-Ton Inc., model DTI-15, 5.56 caliber rifle, serial number DTIS129078;
- a HS Produkts, model XD40 Sub-Compact, .40 caliber pistol, serial number U396821;
- a Taurus, model PT111 Millennium G2, 9mm caliber pistol, serial number TKY08067;
- any accompanying ammunition; and,
- any accompanying magazines.

. The defendant agrees that this property was involved and used in the commission of Counts 1 and 2. The defendant knowingly and voluntarily waives his right to a jury trial regarding the

6

forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing ($200 total). The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of

supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The

8

United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Date: 1/6/20

_____
Skipper S. Jacobs
Assistant United States Attorney

9

Jared Maag
Assistant United States Attorney
Supervisor

Date: 1.6.20

Aaron Gullick
Defendant

Date: 1/28/2020

Cynthia Dodge
312 SW Greenwich Drive, #10
Lee's Summit, Mo 64082
Counsel for Defendant

Date: 1/28/2020

10